Filed 4/30/15  P. v. Carroll CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SYNTHIA CARROLL,<br><br>    Defendant and Appellant. | B251834<br><br>(Los Angeles County<br>Super. Ct. No. MA059754) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Richard Naranjo, Judge. Affirmed.

Nadezhda M. Habinek, under appointment by Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, James William Bilderback II, Supervising Deputy Attorney General, Brendan Sullivan, Deputy Attorney General, for Plaintiff and Respondent.

* * * * * *

Synthia Carroll (defendant) appeals her conviction of two counts of criminal threats (Pen. Code, § 422, subd. (a))[1] on the ground that the trial court wrongly denied her motions for mistrial. We find no abuse of discretion and affirm.

## FACTS AND PROCEDURAL HISTORY

In May 2013, defendant was in the midst of moving out of her apartment. Unhappy with her security deposit refund, defendant went to the apartment's local leasing office. While there, she screamed at leasing office employee Carla Argueta (Argueta) and, as she was leaving, stated, "Bitch, I have something for you. It may hurt or it may tickle."

A few days later, another leasing office employee, Cynthia Jones Foster (Foster) received a call, and recognized the caller's voice as defendant's. The voice said, "Are you ready to die with that fuckin' bitch Carla?" After Foster asked, "Excuse me, who is this?" the caller repeated, "Are you ready to die?" and hung up. Foster later told Argueta that defendant had called and said, "Bitch, I'm going to kill both of you."

The People charged defendant with three counts of criminal threats (§ 422, subd. (a)) for: (1) the in-person threat to Argueta; (2) the over-the-phone threat to Argueta; and (3) the over-the-phone threat to Foster. The People also alleged defendant's 1994 attempted robbery conviction as a prior "strike" under the Three Strikes Law (§§ 667, subds. (b)-(j), 1170.12, subd. (b)), and as a prior serious felony (§ 667, subd. (a)(1)), and alleged her 1996 petty theft with priors conviction (§ 666) and her 2001 child endangerment conviction (§ 273a, subd. (a)) as prior prison sentences (§ 667.5).

The jury acquitted defendant of the in-person threat, but convicted her of the two telephonic threats. The trial court imposed a sentence of 10 years in prison on one of the counts, consisting of a base term of three years plus an additional five years for the prior serious felony and one additional year for each prior prison sentence; the court stayed the sentence on the other count under section 654.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

Defendant timely appeals.

## DISCUSSION

Defendant argues that the trial court erred in not granting the two mistrial motions she made during trial. Mistrial is warranted "only when a party's chances of reviewing a fair trial have been irreparably damaged" (*People v. Bolden* (2002) 29 Cal.4th 515, 555 (*Bolden*)), usually because "'"of prejudice that [the court] judges incurable by admonition or instruction"'" [citation]" (*People v. Montes* (2014) 58 Cal.4th 809, 888). "'Whether a particular incident is incurably prejudicial is by its nature a speculative matter, and the trial court is vested with considerable discretion in ruling on mistrial motions.' [Citation] Accordingly, we review a trial court's ruling on a motion for mistrial for an abuse of discretion." (*People v. Avila* (2006) 38 Cal.4th 491, 573 (*Avila*).) Even if a trial court abuses its discretion in denying a mistrial motion, reversal is only required if the denial was not harmless beyond a reasonable doubt or if a better outcome was reasonably probable. (*People v. Dunn* (2012) 205 Cal.App.4th 1086, 1100 (*Dunn*).)

## I.     Mistrial

### A.     *Reference to defendant's prior stint in prison*

At a pretrial hearing, the court ruled that the sheriff's deputy who interviewed defendant after the call could not mention defendant's prior convictions or periods of incarceration. Notwithstanding this ruling, the following exchange occurred during prosecution's direct examination of the deputy:

Q.     She (defendant) . . . said something about she knew how far to push it. What was it—what did she say?

A.     She said that she—she was upset and she knew how far she could push it before it became a criminal threat.

Q.     And did you ask her what she meant by, "How far [she] could push it"?

A.     I did.

Q.     And what, if anything, did she say?

3

A. She was upset and told me that she knew how far she could push it without getting herself in trouble *and landing back in prison.*

Defense counsel objected, and the trial court sustained the objection and struck the response. At sidebar, defendant moved for a mistrial. The trial court denied the motion, and declined to further admonish the jury to disregard the stricken testimony for fear that doing so would highlight it. The court later directed the jury to disregard any and all stricken testimony.

Defendant argues that the trial court erred in (1) denying her motion for mistrial because evidence of a defendant's prior crimes constitutes propensity evidence inadmissible under Evidence Code section 1101, subdivision (a) (accord, *People v. Hendrix* (2013) 214 Cal.App.4th 216, 239-246), and (2) not sua sponte admonishing the jury to disregard the reference to defendant's prison time it had just stricken. We conclude there was no error.

Although evidence of defendant's prior prison time was inadmissible (as the trial court properly recognized in its pretrial order excluding that evidence), the deputy's fleeting reference to her prison time did not irreparably damage the fairness of defendant's trial. Several cases have held that a prosecutor's or witness's passing mention of a defendant's prior crimes or incarceration does not necessitate a mistrial. (See *Bolden*, *supra*, 29 Cal.4th at pp. 554-555 [witness testified he learned of defendant's current address from "the Department of Corrections parole office"; no abuse of discretion in denying mistrial]; *Avila*, *supra*, 38 Cal.4th at p. 574 [witness testified that defendant had "recently been in prison"; no abuse of discretion in denying mistrial]; see also *People v. Valdez* (2004) 32 Cal.4th 73, 123 [witness testified that he went "to the jail" to obtain a mug shot of defendant; no prosecutorial misconduct].) The brief reference in this case was no more egregious; what is more, the trial court struck that reference and generally admonished the jury to disregard stricken testimony, an instruction we presume the jury followed. (*People v. Adams* (2014) 60 Cal.4th 541, 578.)

4

Defendant offers two further arguments. She contends that *People v. Ozuna* (1963) 213 Cal.App.2d 338 warrants a different result, but *Ozuna* involved a prosecutor's "calculated" elicitation of a prior conviction and did not purport to apply the standards for granting or denying a mistrial. (*Id.* at p. 341.) Defendant further argues that the jury did not, in fact, follow the trial court's admonition to disregard the prison reference because the court clerk reported that one juror mentioned "defendant's prior felony or something like that" before other jurors told her it was to be disregarded. There was no further inquiry. Based on this record, the jurors' insistence that they disregard the evidence confirms (rather than dispels) the presumption that the jury followed the court's instruction to ignore stricken evidence.

Defendant alternatively argues that the court should have admonished the jury to disregard the evidence after just striking it. Doing so risked calling greater attention to it. (See *People v. Myles* (2012) 53 Cal.4th 1181, 1215-1216; *People v. Bolton* (1979) 23 Cal.3d 208, 215, fn. 5.) The court's decision not to take that risk was not an abuse of discretion.

### B. Pregnancy

During opening statements, the prosecutor explained that Argueta was two months pregnant at the time of the threats, and elicited testimony to the same effect when Argueta was on the stand. Defendant cross-examined her on that topic. Defendant did not object to the prosecutor's argument or questioning until the sidebar regarding the deputy's reference to defendant's prison time, and for the first time moved for a mistrial on the ground that Argueta's pregnancy was irrelevant. The trial court agreed the pregnancy was irrelevant, but denied the motion. The prosecutor mentioned Argueta's pregnancy during closing arguments, arguing in part that Argueta had no incentive to lie given that she was the sole supporter of her children (including the one on the way). Defendant did not object. Defendant now argues that a mistrial was warranted. We disagree.

Initially, we note that defendant's untimely motion for mistrial and failure to object during closing argument forfeited her challenge on appeal. (See *People v.*

5

*Alvarado* (2006) 141 Cal.App.4th 1577, 1585.) Her challenge has no merit in any event. That is because the admission of evidence that is irrelevant or marginally relevant (such as Argueta's pregnancy) is not necessarily prejudicial (*People v. Gilliland* (1940) 39 Cal.App.2d 250, 262), and does not by itself irreparably damage a fair trial. At most, the reference to Argueta's pregnancy put Argueta in a more sympathetic light, but the jury was specifically instructed not to let bias, sympathy, or prejudice influence its decision.

### C. *Cumulative error*

Defendant lastly argues that the reference to her prior incarceration and Argueta's pregnancy warrant a mistrial when considered together. We are not persuaded. As explained above, the trial court ably defused any prejudice arising from the reference to prison time and the pregnancy; even together, they did not deny defendant a fair trial.

## II. Prejudice

Even if the trial court abused its discretion in denying the mistrial motions, that error was harmless in light of the overwhelming evidence of defendant's guilt. (*Dunn*, *supra*, 205 Cal.App.4th at p. 1100.) Foster recognized defendant's voice on the phone; defendant's phone records indicated a call to the leasing office's corporate headquarters (from which calls could be transferred to the local office where Foster worked); and defendant unwittingly admitted to intimate knowledge of the call's contents—without receiving any details from the investigating deputy who questioned her—when she said, "I never called or threatened that bitch, Cynthia [Foster], yesterday." Indeed, the jury's acquittal on the in-person count indicated that the jury carefully parsed the evidence and charges, and successfully disregarded any prejudicial effect from the evidence defendant now assails on appeal.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.

HOFFSTADT

We concur:



_____, P. J.

BOREN



_____, J.

ASHMANN-GERST

7